Randall B. Bateman (USB 6482) Ve
BATEMAN IP
299 South Main Street, Suite 1300
Salt Lake City, UT 84111
(801) 533-0320
rbb@batemanip.com; nml@batemanip.com

*Attorneys for Plaintiffs Southern Utah SWPPP LLC, Brenda Pehrson and Lance Pehrson*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SOUTHERN UTAH SWPPP LLC, a Utah limited liability company, BRENDA PEHRSON, an individual and LANCE PEHRSON, an individual,<br><br>Plaintiffs,<br>vs.<br><br>ELLIOT MCGUCKEN, an individual<br><br>Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INNOCENT INFRINGEMENT AND NOT WILLFUL INFRINGEMENT**<br><br>**JURY DEMAND**<br><br>Case No. _____<br><br>Judge _____ |

Plaintiffs Southern Utah SWPPP LLC, Brenda Pehrson and Lance Pehrson hereby allege against Defendant Elliot McGucken as follows:

### PARTIES

1.      Plaintiff Southern Utah SWPPP LLC ("Southern") is a small Utah limited liability company based in Cedar City, Utah which reviews stormwater pollution prevention plans for construction projects in southern Utah.  Southern has no employees.

2.      Plaintiff Brenda Pehrson is an individual residing in Cedar City, Utah and assists in managing Southern.

3.      Plaintiff Lance Pehrson is an individual residing in Cedar City, Utah and is the owner of Southern.

4.      Defendant Elliot McGucken is a professional photographer who, on information and belief, resides in Malibu, California.

5.      McGucken claims to be the owner of the photograph at issue.  On information and belief, as a professional photographer McGucken travels to Utah and takes photographs in Utah's national parks.


**JURISDICTION AND VENUE**

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(a), 2201 and 2202 and 17 U.S.C. §101 et seq. Personal jurisdiction is present as Defendant travels to Utah to take photographs.  If, as McGucken assets, the photograph at issue was taken by McGucken, McGucken traveled to Utah to take the photograph at issue in this case.  Furthermore, it is believed and therefore alleged that Defendant sells or licenses his copyrighted works in the state of Utah.  Furthermore, Defendant has directed demands for compensation into this state.

7.      Venue is proper under 28 U.S.C. § 1400(a), because as each of the Defendants resides or is found in this district and because a substantial portion of the facts alleged herein occurred in this district, including but not limited to, the creation of the work at issue and the alleged infringement of the work at issue.

## **GENERAL ALLEGATIONS**

8.      Southern is a relatively new company having been founded by Brenda Pehrson and Lance Pehrson in 2022 for the purpose of reviewing stormwater pollution prevention plans for contractors and agencies involved in construction.

9.      The company is run part time by the Pehrsons and services only Southern Utah.

10.      Southern does not work outside of the State of Utah.

11.      In 2024 the Pehrson's decided to provide a website for their fledgling company.

12.      This website is an informational website explaining the company's services and providing contact information.

13.      The website identifies the counties in the State of Utah for which Southern performs its services.

14.      No services are sold over the website.

15.      In working with the web designer Brenda Pehrson looked for images of Southern Utah consistent with Southern being directed exclusively at projects in Southern Utah.

16.      Mrs. Pehrson carefully checked each image that she found to ensure that there were no water marks or other indications that the image was subject to copyright protection.

17.      Mrs. Pehrson found the following image without water mark or copyright notification and provided it her web designer for the website.



18. On information and belief, the photograph shown above was taken in Southern Utah.

19. On information and belief, the image was taken in Zions National Park, a location close to the Plaintiff's residence and place of business.

20. On January 9, 2026, Southern received a cease-and-desist letter from counsel representing Defendant McGucken and claiming to be the author of the work.

21. The cease-and-desist letter included a threat to file a lawsuit without further notice in the Central District of California.

22. On information and belief, McGucken's counsel knew or had reason to know that Plaintiffs were not subject to personal jurisdiction in the Central District of California and was using the threat of filing a lawsuit in that jurisdiction as leverage in increase the demand price to settle the dispute.

4

23.     On information and belief, McGucken suffered no actual harm from the use of the photograph on the website.

## FIRST CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT)

24.     Plaintiffs incorporate the allegations of paragraphs 1-23 and further allege:

25.     Plaintiffs are unaware of who is the photographer of the image at issue in this matter.

26.     McGucken claims to be the owner of the photograph at issue but has failed to produce the actual copyright registration and image as submitted to the U.S. Copyright Office.

27.     Therefore, on information and belief, Plaintiffs allege that Plaintiffs have not infringed any copyright owned by McGucken.

28.     Wherefore, Plaintiffs seek a declaratory judgment of non-infringement.

## SECOND CLAIM FOR RELIEF

### (DECLARATORY JUDGMENT OF INNOCENT INFRINGEMENT)

29.     Plaintiffs incorporate the allegations of paragraphs 1-28 and further allege:

30.     McGucken has alleged that Plaintiffs infringed one of his photographs.

31.     McGucken has directed his allegations against Plaintiffs into this district.

32.     On information and belief, McGucken licenses his work to residents of Utah.

33.     McGucken has threatened to sue Plaintiffs if Plaintiffs did not pay $15,000 for using one of his photographs of Southern Utah.

34.    Plaintiffs used the photograph after finding it on-line and being unable to find any watermarks, copyright symbol or other indication that the work was subject to copyright protection.

35.    Plaintiffs acted in good faith and with a belief that use of the photograph was allowed.

36.    Wherefore, Plaintiffs request a declaratory judgment that Plaintiff's use of the mark constituted innocent infringement.

<u>**THIRD CLAIM FOR RELIEF**</u>

<u>**(DECLARATORY JUDGMENT OF NO WILFULL INFRINGEMENT)**</u>

37.    Plaintiffs incorporate the allegations of paragraphs 1-36 and further allege:

38.    Plaintiffs commenced use of the photograph believing that the image was not protected by copyright based on its inability to find a copyright notice, water mark or other indicia suggesting that the photographer was claiming copyright in the work.

39.    Upon learning of McGucken's claims, Plaintiffs promptly removed the work from the website.

40.    To the extent that Plaintiffs believed that they had a right to use the photograph, they are not willful infringers.

41.    Wherefore, Plaintiffs seek a declaratory judgment that they are not willful infringers.

WHEREFORE, Plaintiff pray this Honorable Court:

A.    For a declaration that Plaintiffs were innocent infringers

B.      For a declaration that Plaintiffs were not willful infringers.

C.      For an award of Plaintiffs' fees and costs.

Plaintiff demands a trial by jury on all matters so triable.

DATED: January 16, 2026.


                        BATEMAN IP

                        /s/ Randall B. Bateman
                        Randall B. Bateman

                        299 South Main Street, Suite 1300
                        Salt Lake City, UT 84111


                        *Attorneys for Plaintiffs Southern Utah SWPPP
                        LLC, Brenda Pehrson and Lance Pehrson*

7